IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK J. CERQUA,           ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | |
|   v.                         ) | CIVIL ACTION NO. 1:08cv472-WC |
|                              ) | |
| MICHAEL J. ASTRUE,           ) | |
| Commissioner of Social Security, ) | |
|                              ) | |
|     Defendant.               ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Plaintiff Patrick J. Cerqua applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*. His application was denied at the initial administrative level and after reconsideration. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. (Tr. 13-20). The Appeals Council rejected a subsequent request for review. Plaintiff then appealed to this Court. On September 26, 2006, this Court, the Honorable Charles S. Coody, granted the Commissioner's motion to remand pursuant to sentence four of 42 U.S.C. § 405(g). *Cerqua v. Barnhart*, Civ. No. 01:06-cv-184-CSC (Doc. #16). On remand, a second ALJ obtained a consultative record review and conducted a second hearing at which a vocational expert testified. The ALJ once again denied Plaintiff's claims (Tr. 299-307), and the Appeals Council rejected Plaintiff's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social

Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636©, both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #13); Def.'s Consent to Jurisdiction (Doc. #12).  Based on the Court's review of the record and the briefs of the parties, the Court REVERSES the decision of the Commissioner and REMANDS for further proceedings.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

---

[1]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.

---

[4]   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

x

*Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-one years old at the time of the second hearing before an ALJ. (Tr. 479). Plaintiff completed the twelfth grade. (Tr. 479). Plaintiff's past relevant work experience included work as a tire technician, concrete mason, and mechanic. (Tr. 300, 483). Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 1, 2002 (Step 1). (Tr. 300). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disc disease of the lumbar, thoracic[,] and cervical spine; carpal tunnel syndrome in both hands[;] and residuals from a lumbar diskectomy." (Tr. 301). The ALJ then found that Plaintiff's impairments "are not severe enough to meet or medically equal one of the [listed] impairments." (Step 3) (Tr. 301). Next, the ALJ found that Plaintiff retains the RFC to "perform sedentary work with a sit/stand option." (Tr. 302). Given this level of RFC, the ALJ determined that Plaintiff "is unable to perform his past relevant work." (Step 4) (Tr. 304). Next, the ALJ consulted a VE

to ascertain whether there exist jobs in significant numbers in the national economy which Plaintiff's RFC would permit him to perform. The VE testified that Plaintiff's RFC and additional limitations permitted the performance of such occupations as "surveillance monitor," "assembler," and "telemarketer." (Tr. 497). Accordingly, the ALJ determined that there are jobs existing in significant numbers in the national economy which Plaintiff can perform and that, hence, he is not disabled. (Tr. 305).

## IV.   PLAINTIFF'S CLAIMS

Plaintiff alleges three errors requiring reversal of the ALJ's decision:[5] (1) "the ALJ erred as a matter of law when he failed to find that Mr. Cerqua was disabled through testimony of pain or other subjective symptoms;" (2) "the ALJ erred as a matter of law when he did not articulate explicit and adequate reasons for discrediting Mr. Cerqua's testimony regarding pain;" and (3) "the ALJ erred in failing to show good cause for not giving proper evidentiary weight to Dr. Perry Farb's medical opinions." Pl.'s Brief (Doc. #16) at 5, 9, 10. The Court will address each of Plaintiff's claims in turn.

## V.   DISCUSSION

### A.   *The "pain standard" and the ALJ's finding of no disability despite Plaintiff's testimony about pain.*[6]

---

[5]   The following quotes are taken from the all-capped headers which introduce the three portions of the "Argument" section of Plaintiff's brief.

[6]   For convenience and cohesion, due to the interrelatedness of Plaintiff's first and second claims the Court will address those claims together.

Plaintiff contends that the ALJ erred in his application of the Eleventh Circuit Court of Appeals' "pain standard" to Plaintiff's claim about the disabling effects of his pain. Pl.'s Brief (Doc. #16) at 5-9. Plaintiff also argues that the ALJ failed to give the requisite "explicit and adequate reasons for discrediting" Plaintiff's subjective testimony about his pain. Pl.'s Brief (Doc. #16) at 9-10. Defendant asserts that the ALJ correctly found that Plaintiff has not satisfied the "pain standard," and that the ALJ properly "articulated explicit and adequate reasons for discounting Plaintiff's testimony. Memo. In Supp. Of The Comm.'s Dec. (Doc. #19) at 7-11.

The Eleventh Circuit has articulated its "pain standard" governing the evaluation of a claimant's subjective testimony about pain as follows:

> "In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561. Importantly, it is only evidence of the underlying condition which could

reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991). *See also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F.Supp.2d 1269, 1272-73 (N.D. Al. 2006) (quoting *Elam*, 927 F.2d at 1215). Where the ALJ proceeds to consider the claimant's subjective testimony about pain, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). Finally, if the ALJ determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Id.*

The record is replete with documentation of Plaintiff's allegations of pain and corresponding physician treatments. Moreover, at the second hearing before an ALJ, Plaintiff testified generally about the limitations on his ability to do work and other daily activities resulting from his pain (Tr. 485-88), and stated that, on a scale of one to ten, his pain at the time of the hearing was "[a]bout a seven or eight." (Tr. 488). He further testified about "real severe pain in my lower back" caused by standing in one place for fifteen to thirty minutes and other pains resulting from remaining stationary for "under an hour." (Tr. 489). Plaintiff also testified that his back was "killing" him at the time of the hearing. (Tr. 491).

The ALJ determined that the record supports a finding that Plaintiff suffers from, *inter alia*, degenerative disc disease. (Tr. 303). However, in reviewing the medical evidence, the

8

ALJ determined that there is a "vast disparity between the claimant's subjective complaints [about pain] and the medical evidence." (Tr. 301). Thus, the ALJ concluded that,

> [a]fter completing this review of the claimant's testimony and the pertinent medical reports, the undersigned finds that the preponderance of the most credible evidence has not established the existence of either single or combined medical conditions which could reasonably be expected to produce symptoms in the severity, frequency[,] and duration necessary to significantly compromise the claimant's performance of all forms of gainful activity.

(Tr. 302). In concluding that Plaintiff does not have an impairment which could reasonably be expected to produce disabling pain like that described by Plaintiff, the ALJ gave "controlling weight" to the consultative review by Dr. Lorber (Tr. 343-357) and further noted several other circumstances, including: 1) that "no credible treating or consultative physician has opined that the claimant was disabled because of any physical condition or from resulting symptoms;" (2) that Plaintiff's counsel had failed to further supplement the record with additional medical evidence despite their request to keep the record open for a period of thirty days; (3) that Plaintiff is able "to engage in a wide array of activities of daily living;" (4) "that the claimant's clinical examination findings have often been found to be normal or minimally abnormal[] and the objective diagnostic evidence of record has been sparse;" (5) that the record does not "contain any hospitalizations for the claimant for physical conditions since his alleged onset of disability; and (6) that the record indicates Plaintiff's impairments can be successfully treated with prescribed medications, such that his "symptomatology" is mitigated. (Tr. 303-04).

9

Although the ALJ appropriately set out the "pain standard" (Tr. 301), the Court notes that the ALJ's resolution of this issue is ambiguous, at best. The ALJ prefaces his analysis by remarking that, in order to "determine the claimant's residual functional capacity, the Administrative Law Judge carefully reviewed the medical evidence as well as the testimony of the claimant." (Tr. 301).[7] Then, the ALJ appears, on the one hand, to find that there is no evidence of a condition which one might reasonably expect to cause the pain alleged by Plaintiff. (Tr. 302). Then, on the other hand, the ALJ appears to discredit Plaintiff's testimony about the severity of his pain - without ever explicitly deeming Plaintiff's testimony incredible - based on his review of the record and the other circumstances cited by the ALJ and highlighted above. (Tr. 302-04). Thus, in this Court's view, it appears that the ALJ somehow blended the two discrete inquiries before him in assessing Plaintiff's claim of disabling pain. The Court is sympathetic to this tendency given the tomes of administrative regulations and case law required to distill the proper method of analysis for these types of claims. Indeed, the very amorphous, "difficult to quantify," 20 C.F.R. 404 § 1529(c)(3), nature of pain itself only further muddies these waters. In any event, it is the Commissioner's duty, subject to review by this Court, to afford Plaintiff proper consideration of his claim of disabling pain. Because the ALJ's opinion makes it difficult to discern and

---

[7] The ALJ's concern about assessing Plaintiff's RFC at that point in his opinion strikes the Court as peculiar, as, under the pain standard, the ALJ is first simply to determine whether objective medical evidence in the record permits the claimant to pass through the threshold of "reasonable expectation" such that Plaintiff may then endeavor to prove his disability through subjective testimony about his pain, subject to the ALJ's credibility findings.

review his precise findings with respect to the "pain standard" and Plaintiff's credibility, the Court finds it prudent to reverse and remand to the Commissioner for reconsideration, with the following observations.

First, it is evident to the Court that Plaintiff has at least initially passed through the gateway function of the "pain standard." Clearly, there is "evidence of an underlying medical condition," in this case degenerative disc disease as well as evidence of "bulging discs" and "herniated discs." The ALJ recognized as much. (Tr. 303). However, the Court also finds that Plaintiff's "objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225. Again, it is important to note that, at this juncture, Plaintiff is not required to provide objective evidence of the pain itself. *Elam*, 921 F.2d at 1215. Rather, Plaintiff must simply provide objective medical evidence that his underlying medical condition(s) could reasonably be expected to cause his pain. There is sufficient objective medical evidence in the record to support this conclusion. For instance, Plaintiff's August, 2000, MRI revealed "multi-level degenerative disc disease," "[s]car material encas[ing] the left L4 nerve root" with disc bulging in the area, and a disc hernia producing stenosis and which "may abut the descending S1 nerve roots" accompanied by "facet degeneration." (Tr. 119, 176). Defendant often suffered spasms and abnormal ambulation. (Tr. 177, 138). Defendant has a long history of treatment with powerful pain medications, including Oxycontin, methadone, and epidural steroid injections (Tr. 373), in efforts to treat his pain. Whatever modest successes he may have periodically enjoyed with

11

such treatments are balanced by his physicians' determinations to increase his dosages of Oxycontin as well as prescribe the epidural injection treatments. Thus, Plaintiff's medication history suggests a real and concerted effort to alleviate substantial pain. In November of 2001, another MRI revealed "[r]ight posterior disc herniation [at C5-6] or spur involving proximal right C6 root." (Tr. 118, 152). The sum of this objective medical evidence, including evidence of degeneration, scarring, disc bulging, and herniation possibly affecting nerve roots, compels the conclusion that Plaintiff's condition(s) could reasonably be expected to cause the pain Plaintiff alleges. To the extent the ALJ intended a contrary finding, such decision is reversed.

Accordingly, the inquiry becomes whether or not Plaintiff's allegations about the severity of his pain are credible, and if the ALJ's reasons, if any, for discrediting such allegations are articulated explicitly and adequately and are supported by substantial evidence. In short, the Court finds that, to the extent the ALJ intended to pass on the credibility of Plaintiff's subjective pain testimony - a proposition which is not entirely clear from the ALJ's opinion - his reasoning is not supported by substantial evidence.

Numerous of the reasons given by the ALJ for finding Plaintiff's pain non-disabling are irrelevant or unsupported. First, Dr. Lorber's consultative review, which the ALJ deemed "controlling" and "extremely significant" (Tr. 303), does not address Plaintiff's allegations of pain. It merely briefly summarizes the medical evidence and opines that Plaintiff can do a restricted range of sedentary work. (Tr. 346). Furthermore, the ALJ relied upon the fact

that "no credible treating or consultative physician has opined that the claimant was disabled." This assertion is not entirely borne out by the record. Dr. Farb, Plaintiff's treating physician, remarked that, after selling his tire business, Plaintiff "really can't do any other jobs." (Tr. 146). A fair construction of the record is that this remark was merely a recitation of Plaintiff's subjective complaint to his physician, rather than an actual physician assessment. However, it is also possible that Dr. Farb, in view of his lengthy treating relationship with Plaintiff, was articulating his own opinion based on that history. *See Hill*, 440 F.Supp.2d at 1276. To the extent this salient point is unclear, the ALJ could have re-contacted Dr. Farb for clarification or subjected his opinion to the appropriate scrutiny required to overcome the deference owed treating physician opinion. The ALJ's failure to do either, and his outright summary rejection of Dr. Farb's statement, undermines his naked assertion that "no credible treating or consultative physician" had found Plaintiff disabled. Furthermore, Plaintiff's counsel's failure to supplement the record with additional evidence after the hearing (Tr. 303) is immaterial and is an inappropriate basis upon which to conclude that Plaintiff's subjective allegations of pain are incredible. The ALJ's reliance on Plaintiff's "wide array of activities of daily living" as evidence contradicting his subjective allegations of pain is also unsupported by substantial evidence. Plaintiff did testify that he can drive short distances, adequately bathe (while sitting) and groom himself, load the washing machine, grocery shop with the assistance of his teenaged children, and do some light cooking. However, Plaintiff's contemporaneous testimony about the extensive limitations

13

caused by his pain suggests that the array of activities he can handle is more modest than "wide." Hence, the ALJ's reliance on Plaintiff's testimony about his daily activities does not lend "substantial" support to his ultimate conclusion that Plaintiff is not disabled. *See Foote*, 67 F.3d at 1561 (ALJ's reliance on claimant's testimony about ability to cook and shop was inappropriate given other cogent testimony about claimant's limitations). In light of all of the above, and especially considering the ambiguity surrounding the ALJ's disposition of Plaintiff's claim, the Court finds that the ALJ's presumed decision that Plaintiff's subjective testimony about his pain is incredible is not supported by substantial evidence.

To the extent the ALJ held that Plaintiff failed to offer objective medical evidence of a condition which could reasonably be expected to cause the pain alleged by Plaintiff, the ALJ's decision is not supported by substantial evidence and is due to be reversed and remanded. To the extent the ALJ held that Plaintiff's subjective pain testimony is incredible, such decision is not supported by substantial evidence and is due to be reversed and remanded.[8]

## VI. CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for further proceedings. A separate judgment will issue.

---

[8] Because the Court reverses and remands with respect to Plaintiff's first and second claims, the Court need not address Plaintiff's third claim.

DONE this 4th day of August, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

15